**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAMELA HORSFALL, *et al.*, | ) | CASE NO.   1:18-cv-02135 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| WALTRUST PROPERTIES, INC., | ) | |
| et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the undersigned pursuant to the consent of the parties. (R. 12).

Pending before the court Plaintiffs' Renewed Motion for Leave to File First Amended Complaint

filed on January 10, 2019.[1] (R. 24). Defendants have not filed any opposition. For the reasons

set forth below, the court hereby grants the motion, and will remand the matter to the Cuyahoga

County Court of Common Pleas.

On August 7, 2018, Plaintiffs Pamela and John Horsfall filed a lawsuit in the Cuyahoga

County Court of Common Pleas alleging injuries sustained during a slip and fall at a Walgreens

located in North Olmsted, Ohio. (R. 1-1). Waltrust Properties, Inc., Walgreens Co., and

---

[1] On January 9, 2019, one day after a telephone conference was held addressing the issue (R. 25), Plaintiffs' motions for leave to file a first amended complaint (R. 20 & 21) were denied without prejudice as the proposed complaint did not set forth the citizenship of the parties involved.

Walgreens Specialty Pharmacy (collectively "Walgreens Defendants") were named as Defendants. *Id*. Also named as Defendant was Ferrandino & Son, Inc., a contractor alleged to have been responsible for keeping the premises in a safe condition. *Id*. On September 17, 2018, the Walgreens Defendants removed the case to this court on the basis of diversity of citizenship jurisdiction. (R. 1). According to the removal, the Walgreens Defendants all are incorporated in Delaware or Illinois, and have their principal place of business in the latter. *Id*. Defendant Ferrandino & Son, Inc. is a New York corporation with its principal place of business also in New York. *Id*.

Plaintiffs now move the Court for leave to amend the complaint (R. 24) primarily to add Defendant Excel Management, LLC ("Excel")—a limited liability company organized in Ohio. (R. 24-1). According to the proposed amended complaint, Excel is a subcontractor retained by Defendant Ferrandino & Son, Inc. to maintain the premises where the slip and fall occurred.[2] *Id*.

Diversity jurisdiction exists where the matter in controversy exceeds $75,000.00, and is between citizens of different states. 28 U.S.C. § 1332(a). The complete diversity rule requires that every plaintiff be of diverse citizenship from every defendant. *Strawbridge v. Curtiss*, 7 U.S. 3 Cranch 267, 2 L.Ed. 435 (1806). Where a proposed amendment would destroy complete diversity, the Court must apply 28 U.S.C. § 1447(e), which provides: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Another district court in this circuit has observed that:

> The Court has found no Sixth Circuit case that addresses section 1447(e), perhaps because an order remanding a removed case for want of jurisdiction is not

---

[2] During telephone conferences, Plaintiffs' counsel had asserted that he had some difficulty identifying Excel as a subcontractror without the benefit of discovery.

reviewable on appeal. See 28 U.S.C. 1447(d) (stating that "[a]n order remanding a case to the State court from which it was removed," except in certain civil rights cases, "is not reviewable on appeal or otherwise"); *but see DaWalt v. Purdue Pharma, L.P.*, 397 F.3d 392, 399 (6th Cir. 2005) (describing the "post-removal-event doctrine"). However, district courts in this circuit have provided guidance on the question. The statute appears to entrust the decision to allow joinder of a jurisdiction-destroying party to the court's discretion; the court must consider the diverse defendant's interest in selecting a federal forum, *see Wells v. Certainteed Corp.*, 950 F.Supp. 200, 201 (E.D.Mich.1997) (Duggan, J.) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987)), together with four other factors: "(1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities." *Siedlik v. Stanley Works, Inc.*, 205 F.Supp.2d 762, 765 (E.D.Mich.2002) (Gadola, J.). These factors, the Court believes, are intended to answer the ultimate question whether the primary purpose of the proposed joinder is to oust the case from the federal forum.

*J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005); *accord*

*City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 824 (N.D. Ohio 2008).

In applying the relevant factors set forth above, the court finds no basis for concluding that

Plaintiffs' desire to add a subcontractor allegedly responsible for maintaining the premises where

the slip and fall was alleged to have occurred is an attempt to defeat federal jurisdiction. The

court also notes that the current Defendants have voiced no objection to the amendment despite

the court alerting counsel to the diversity issue during a previous telephone conference.

Therefore, the court GRANTS Plaintiffs' Renewed Motion for Leave to File First Amended

Complaint (R. 24), and hereby deems the proposed First Amended Complaint (R. 24-1) filed.

Service of the First Amended Complaint and a summons upon the newly joined Defendant shall

be attempted by Plaintiffs' counsel immediately.

Furthermore, the court finds that it does not have diversity jurisdiction over the First

Amended Complaint (R. 24-1), and will remand the case to the Cuyahoga County, Ohio Court of

Common Pleas pursuant to 28 U.S.C. § 1447(c) upon the grounds that the inclusion of Excel as a

party defendant is a violation of the complete diversity rule. *See Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 541 (6th Cir.2006) (finding that "[u]pon the order granting [plaintiff's] motion to amend his complaint to identify Priddy and Susman and add them as nondiverse defendants, complete diversity was destroyed, and so remand to state court was required at that time").

      IT IS SO ORDERED.

                s/ *David A. Ruiz*
                David A. Ruiz
                United States Magistrate Judge

Date: February 8, 2019